IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEANNE SEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, LARRY J. ) | |
| ANDREWS, and MCLEMORE & ) | **Jury Trial Demanded** |
| EDINGTON, PLLC, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Jeanne See (hereinafter "Plaintiff") is a natural person who resides in Greene County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

6. Defendant Larry J. Andrews (hereinafter "Defendant Andrews") is a natural person who is an employee and/or agent of Defendant Portfolio Recovery, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address of 120 Corporate Blvd., Suite 100, Norfolk, VA, 23502-4962, or his home address.

7. Defendant McLemore & Edington, PLLC (hereinafter "Defendant McLemore & Edington") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: Paul E. McLemore, 9051 Executive Park Dr., Suite 500, Knoxville, TN 37923-4632.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a deficiency balance on a vehicle loan allegedly originally owed to or serviced by HSBC Bank Nevada, N.A. (hereinafter "HSBC Bank")

9. After default, Plaintiff' debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant Portfolio Recovery is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. When purchasing charged-off consumer debts, Defendant Portfolio Recovery makes an intentional business decision not to obtain competent evidence that would allow them: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed, prior to collection of the debt.

12. One of Defendant Portfolio Recovery's main avenues of collecting charged-off consumer debts is the implementation of a state court litigation model that includes employment of debt collection attorneys such as Defendant McLemore & Edington to file collection lawsuits, and the use of Defendant Portfolio Recovery's agents to sign the affidavits filed with the lawsuits.

13. The only evidence provided to the collection law firms to file the lawsuits are the affidavits signed by the agents of Defendant Portfolio Recovery without personal knowledge if the consumer incurred the debt, how the debt was incurred, or how the amount owed was determined.

14. Each affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2), and is not a formal pleading made in connection with a legal action.

15. The affidavits signed by the agents of Defendant Portfolio Recovery under penalty of perjury allege amounts owed that are based solely on hearsay in the form of electronic data allegedly transferred from the original creditor or an assignee of the original creditor.

16. The collection law firms do not request additional evidence from Defendant Portfolio Recovery prior to filing the collection lawsuit, and file the lawsuits, knowing that they and Defendant Portfolio Recovery do not possess competent evidence and do not intend to obtain it, if challenged by a consumer.

17. Although the "business records" exception to the hearsay rule has been clearly defined in Tennessee for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the alleged debts under this specific hearsay exception in the context of a debt buyer case.[1]

18. The litigation model followed by the Defendants relies exclusively on hearsay (sometimes double and triple) and the collection lawsuits are filed: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using Sworn Affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of the terms of the contract on which Defendants allegedly relied to file the collection lawsuit that is necessary to make a Sworn Affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the Sworn

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, Portfolio Recovery Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, *citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co.*, 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

Affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

19. Defendants followed their litigation model while attempting to collect the alleged debt from Plaintiff.

20. In a large majority of the cases, debt buyers, such as Defendant Portfolio Recovery, and debt collection attorneys, such as Defendant McLemore & Edington, obtain a default judgment and the sufficiency of the debt buyer's Sworn Affidavits are never challenged.

21. In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers, such as Defendant Portfolio Recovery, and debt collection attorneys, such as Defendant McLemore & Edington, will dismiss the case rather than risk having their systemic fraud on the court exposed.

*July 19, 2011 Collection Lawsuit*

22. On or about July 19, 2011, Defendants filed a Civil Summons and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). *Copy of July 19, 2011 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").*

23. The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

*Use of Civil Summons That Contained False, Deceptive and
Misleading Statements in Connection With Collection of the Alleged Debt*

24. The Civil Summons stated that Defendants Portfolio Recovery and McLemore & Edington were seeking to collect: **"$2,381.78 plus interest at rate of 10% APR & the costs of this action**." *See Doc. 1-1, p. 1.* (underline and bold added)

25. The Sworn Affidavit was **dated June 2, 2011** and stated that "[t]he amount due on said account, over and above all legal set-offs and counterclaims is **$2,381.78 . . . as of 1/30/2010 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale**." ***See Doc. 1-1, p. 2.*** (underline and bold added)

26. By following their litigation model, Defendants made conflicting and confusing statements as to the amount owed in the Civil Summons and Sworn Affidavit, with the Civil Summons stating that 10% interest was accruing on the debt and the Sworn Affidavit making no mention of interest, resulting in at least one of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

27. In following their litigation model, Defendants Portfolio Recovery and McLemore & Edington did not obtain and/or review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiff allegedly owed was correct.

28. Without records of the originator of the debt available for Defendants Portfolio Recovery and McLemore & Edington to review prior to filing and serving the Civil Summons and

Sworn Affidavit, and without being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, Defendants Portfolio Recovery and McLemore & Edington used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt, Defendants Portfolio Recovery and McLemore & Edington falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

29. By failing to acquire or review the contract on which the Defendants allegedly relied to file the collection lawsuit against Plaintiff resulted in the Defendants stating in the Civil Warrant and Sworn Affidavit greatly different amounts to which Defendant Portfolio Recovery was entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

30. By filing the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on HSBC Bank or an assignee of HSBC Bank as to the amount of debt allegedly owed by Plaintiff, without knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest, Defendants Portfolio Recovery and McLemore & Edington communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

31. The collection lawsuit filed against Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the Sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the alleged debt.

32. On August 25, 2011, Plaintiff filed a sworn denial in the collection lawsuit. *Copy of sworn denial filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").*

33. Without the contract on which the Defendants allegedly relied to file the collection lawsuit, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

34. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. *See, Tenn. Code Ann. § 24-5-107(a).*

35. Defendant Andrews, who authored the Sworn Affidavit dated June 2, 2011 that was filed in support of the Civil Summons, swore under oath in the Affidavit that the following statements are true and correct:

   (1) He is the "Custodian of Records" for Defendant Portfolio Recovery.

   (2) "I am authorized to make the statements, representations, and averments herein, and do so based upon a review of the business records of [Defendant Portfolio Recovery] and those records transferred to [Defendant Portfolio Recovery] from [HSBC Bank], which have become a part of and have integrated into [Defendant Portfolio Recovery's] business records, in the ordinary course of business."

   (3) "According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by [Defendant Portfolio Recovery], all of [HSBC Bank's] interest in such account having been sold, assigned and transferred by [HSBC Bank] on **7/27/2010.**"

   (4) "Further, [Defendant Portfolio Recovery] has been assigned all of [HSBC Bank's] power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and [HSBC Bank] has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever."

   (5) According to the records transferred to [Defendant Portfolio Recovery] by [HSBC Bank], there was due and payable from [Plaintiff] to [HSBC Bank] the sum of **$2,381.78** . . . as of the date of **1/30/2010** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale."

(6) "According to the records of [Defendant Portfolio Recovery], after all known payments, counterclaims and/or setoffs occurring subsequent to the date of the sale, there was due and owing at the time this lawsuit was filed a sum of **$2,381.78.**"

*See Doc. 1-1, p. 2.* (all bold letters and numbers in original)

36. Prior to signing the Affidavit, Defendant Andrews did not review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiffs allegedly owed was correct, and did not review records of the alleged assignment of the alleged debt from HSBC Bank or an assignee of HSBC Bank to Defendant Portfolio Recovery, because Defendants Portfolio Recovery and McLemore & Edington followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Andrews to do so.

37. Without records of the originator of the debt available for Defendant Andrews to review prior to signing the Sworn Affidavit, and without Defendant Andrews being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Andrews to have the personal knowledge required to truthfully make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff.

38. By stating in his Sworn Affidavit that: (1) the alleged debt is due and payable from Plaintiff to Defendant Portfolio Recovery, (2) and the amount due on said account is $2,381.78 with there being no known un-credited payments, counterclaims or offsets

against the said debt as of the date of the sale, without reviewing records of the originator of the debt or of the alleged assignment of the alleged debt to Defendant Portfolio Recovery, Defendant Andrews falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

39. Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Portfolio Recovery or its agents upon request and routinely provided to Defendant Andrews and other agents of Defendant Portfolio Recovery who engage in robo-signing hundreds, if not thousands, of affidavits each day without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law, and filed in the collection lawsuit by debt collection attorneys such as Defendant McLemore & Edington.

40. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

41. Defendant Portfolio Recovery and Defendant McLemore & Edington intentionally use the form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in possession of Defendant Portfolio Recovery and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit.

42. Defendant Portfolio Recovery and Defendant McLemore & Edington filed the collection lawsuit against Plaintiff in an attempt to collect the debt knowingly using Defendant Andrews's Sworn Affidavit as the only evidentiary basis to support their claims.

43. Defendant Andrews's demands in the Sworn Affidavit for the amount of $2,381.78, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest and attorney fees, were false, deceptive and misleading misrepresentations made without the personal knowledge required to make a Sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, and falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully

received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

44. By filing the collection lawsuit against Plaintiff with the use of their litigation model: Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is the use of false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio Recovery and Defendant McLemore & Edington had the legal right to attempt to collect the debt with the use of a knowingly false, deceptive, and misleading Sworn Affidavit, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

45. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing a Sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $2,381.78, Defendant Portfolio Recovery and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

### *Failure of Defendant McLemore & Edington to Send a Written Notice Containing the Amount of the Debt and Plaintiff's Right to Dispute the Debt and Obtain Other Information Within Five Days After the Initial Communication – Sworn Affidavit*

46. The Sworn Affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2).

47. The Sworn Affidavit is not a formal pleading made in connection with a legal action.

48. The Sworn Affidavit is the initial written communication by Defendant McLemore & Edington with Plaintiff in connection with collection of the debt that is not a formal pleading made in connection with a legal action, and within five (5) days after service of the Sworn Affidavit on Plaintiff, Plaintiff had not paid the debt, and Defendant McLemore & Edington had failed to send Plaintiff a written notice containing—

    (a) A statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant McLemore & Edington;

    (b) A statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant McLemore & Edington will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant McLemore & Edington; and

    (c) A statement that, upon Plaintiff's written request within the thirty-day period, Defendant McLemore & Edington will provide Plaintiff with the name and address of the original creditor, if different from the current creditor;

    in violation of 15 U.S.C. §§ 1692g(a)(3) - (5).

*Summary*

49. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

50. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants McLemore & Edington and Andrews as agents of Defendant Portfolio Recovery and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

51. The acts and omissions by Defendants McLemore & Edington and Andrews were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

52. By committing these acts and omissions against Plaintiff, Defendants McLemore & Edington and Andrews were motivated to benefit their principal, Defendant Portfolio Recovery.

53. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

**TRIAL BY JURY**

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692** *et seq.*

55. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

57. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/17/12                         Respectfully submitted,

                                 **JEANNE SEE**



                                 /s/      Alan C. Lee
                                 Alan C. Lee, Esq., BPR # 012700
                                 Attorney for Plaintiff
                                 P. O. Box 1357
                                 Talbott, TN 37877-1357
                                 (423) 581-0924
                                 info@alanlee.com